# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**OCTAVIUS DAVIS,**

      **Plaintiff,**

**v.**                                       Case No:   6:18-cv-269-Orl-41KRS

**JOHN BARBATO, GINA LAMPONE,
RENEE GORTH, RANDY, DANNY,
JOHN DOE, BROWARD FACTORY
SERVICE, CROCKETT HERD,
CHRISTINE WALTON and HERD
ENTERPRISE INC,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO REMAND TO STATE COURT (Doc. No. 23)** |
| **FILED:** | **March 19, 2018** |

| | |
|---|---|
| **MOTION:** | **MOTION TO REMAND (Doc. No. 13)** |
| **FILED:** | **March 5, 2018** |

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT (Doc. No. 3)** |
| **FILED:** | **February 27, 2018**. |

Plaintiff, Octavius Davis (appearing *pro se*), filed a complaint in the Eighteenth Judicial Circuit, in and for Seminole County, Florida. He asserts a number of claims of violation of state law, and he mentions some federal statutes. He named a number of individuals and entities as Defendants. Doc. No. 2. Davis candidly admits that his complaint is a shotgun pleading. *Id.* at 29. The Defendants who had been served removed the case to this Court under its federal question jurisdiction based on Davis's references in the complaint to Title VII, the Clean Air Act and the Occupational Safety Health Act ("OSHA"). Doc. No. 1.

*Motion to Remand*.

Davis now moves to remand the case to state court. He argues, among other things, that he "does not have a **Prima Facia Case** on federal question alone; so this case is not suitable for this Honorable court." Doc. No. 13, at 2.

The removal statute allows removal of a case that contains claims that arise under federal law. 28 U.S.C. § 1441(a). When, as here, the case includes both federal question claims and state law claims, the entire action may be removed. 28 U.S.C. § 1441(c).

Contrary to Defendants' argument, Davis did not allege a claim arising under Title VII. Rather, he refers to "Florida Law Title VII" and seeks relief under section 448.103(1)(a)(2), Florida Statutes, which shows that he intended to file a state law claim rather than a federal claim under Title VII. Doc. No. 2, at 12. This conclusion is reinforced by Davis's explicit allegation that a complaint alleging an EEOC violation of racial discrimination will be filed later. *Id.* at 20. Therefore, the passing reference to "Florida Law Title VII" does not state a federal question cause of action supporting removal of the case.

However, Davis also alleges that Defendants violated the Clean Air Act by allowing the release of refrigerant into the atmosphere in his work place. *Id.* at 18-19. The Clean Air Act

provides a private right of action under certain circumstances. 42 U.S.C. § 7604(a). Therefore, Plaintiff's claim of violation of the Clean Air Act does provide a basis for removal based on federal question jurisdiction.[1]

The removal statute provides that upon removal of an action that includes federal and state law causes of action, the district court shall sever from the action all claims not within the original or supplemental jurisdiction of the court and remand the severed claims to the state court. 28 U.S.C. § 1441(c)(2). The Court has supplemental jurisdiction over all claims so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy as the federal claim. 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when the federal and state law claims derive from a common nucleus of operative facts. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

Davis's state law causes of action arising from his conditions of employment and termination, from alleged slander and defamation and from alleged criminal acts do not arise from the facts underlying the Clean Air Act claim – that is, the release of refrigerant into the atmosphere in the workplace. Therefore, I recommend that the Court find that it may not exercise supplemental jurisdiction over the state law claims in the complaint because these claims do not arise from a common nucleus of operative facts underlying the Clean Air Act claim. Under these circumstances, it is appropriate to **GRANT in part** the motion for remand (Doc. No. 13), sever all claims other than the Clean Air Act claim, and remand the severed claims to the state court.

---

[1] Davis also alleges a violation of OSHA. Doc. No. 2, at 5. OSHA does not provide a private right of action. *See Fed. Employees for Non-Smokers' Rights v. United States*, 446 F. Supp. 181, 183 (D.D.C. 1978), *aff'd*, 598 F.2d 310 (D.C. Cir. 1979).

*Motion to Dismiss*.

I address the motion to dismiss only as it applies to the Clean Air Act claim. The Clean Air Act states that no action may be commenced prior to 60 days after the plaintiff has given notice of the violation to the Administrator of the Environmental Protection Agency ("EPA"), the State in which the violation occurred and any alleged violator, with certain exceptions that do not appear to be applicable here. 42 U.S.C. § 7604(b). Davis does not allege that he provided such notice. Because notice is a mandatory condition precedent, Davis's Clean Air Act claim is due to be dismissed. *See Nat'l Parks & Conservation Ass'n, Inv. v. Tenn. Valley Auth.*, 502 F.3d 1316 (11th Cir. 2007).

Ordinarily, Davis should be given an opportunity to amend the complaint to allege that he provided the required notice under the Clean Air Act. If the Court gives him leave to amend, Davis is advised that use of a shotgun pleading is improper. *See, e.g., McKenzie v. E.A.P. Mgmt. Corp.*, No. 98-6062-CIV, 1998 WL 657524, at * 1 (S.D. Fla. July 27, 1998). Accordingly, if Davis chooses to file an amended complaint, he must state the facts supporting his Clean Air Act claim in a single count and name as defendants only those individuals or entities who he contends violated the Clean Air Act. He must allege the date(s) that he provided notice of this claim to the Administrator of the EPA, the State of Florida, and the alleged violators. He must include only the factual basis underlying the Clean Air Act claim. He should not reassert any of the state law causes of action the Court has remanded to the state court.

Alternatively, if Davis does not wish to litigate in this Court or if he has not provided the required notice, the case will be dismissed without prejudice if Davis does not file an amended complaint within the time required by the Court's order on this Report and Recommendation.[2]

---

[2] Davis is cautioned that he should not attempt to allege any federal causes of action in a state law

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1. **GRANT in part** the motion for remand (Doc. No. 13), sever all of the claims other than the claim arising under the Clean Air Act and remand the severed claims to the Eighteenth Judicial Circuit, in and for Seminole County, Florida;

2. **DENY as moot** the second motion for remand (Doc. No. 23); and

3. **GRANT in part** the motion to dismiss (Doc. No. 3), **DISMISS without prejudice** the Clean Air Act claim and permit Plaintiff to file an amended complaint within a time established by the Court alleging only the Clean Air Act claim against only individuals and entities who Plaintiff contends violated the Clean Air Act.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 29, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

case if he does not wish the case to be removed to federal court.